IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY DALE EATON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-cv-02722-JPG |
| ) | |
| MATT McCONKEY, ) | |
| DAVID RUSSELL, ) | |
| NURSE AMBER, ) | |
| FAYETTE COUNTY SHERIFF'S OFFICE, ) | |
| and FAYETTE COUNTY JAIL, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Timothy Dale Eaton, an inmate at Fayette County Jail ("Jail"), brings this action pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff claims that he asked to speak with a mental health counselor on October 2, 2022, and he was told that "mental health" is not offered at the Jail. (Doc. 1, p. 5). Plaintiff wrote a grievance but received no response. He claims that this violates his constitutional rights. He includes no request for relief. (*Id.*).

The Complaint is before the Court for review 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

**Discussion**

Based on the allegations summarized above, the Court designates a single count in the *pro se* Complaint:

**Count 1:** Eighth or Fourteenth Amendment claim against Defendants for denying Plaintiff access to mental health counseling and/or treatment at Fayette County Jail on October 2, 2022.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.[1]

Rule 8 of the Federal Rules of Civil Procedure sets forth the general rules of pleading. Rule 8(a) requires a pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." FED. R. CIV. P. 8(a). Rule 8(e) requires "simple, concise, and direct" allegations in the Complaint. FED. R. CIV. P. 8(e)(1). The purpose of Rule 8 is to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citing *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (7th Cir. 2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Complaint violates Rule 8 because it does not put any defendants on notice of the claims against them. Plaintiff does not mention any defendants in his statement of claim. He also sets forth no facts describing anyone's role in a constitutional deprivation. Although Plaintiff names various jail officials as defendants in the case caption and list of defendants, merely listing

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

them as parties is insufficient to state a claim against any one of them. Plaintiff must describe what each individual did, or failed to do, to violate his rights.

Moreover, it is unclear what, if any, constitutional right was violated. Plaintiff brings a claim for lack of access to "mental health" at the Jail based on the denial of a single request for mental health counseling. The correct analytical framework for this claim hinges on his status as a pretrial detainee or convicted person when he was denied counseling. The Fourteenth Amendment's objective unreasonableness standard governs a pretrial detainee's claims of unconstitutional conditions of confinement and denial of medical care. *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018). The Eighth Amendment deliberate indifference standard applies to a convicted person's claims. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97 (1976). To state a claim under both standards, Plaintiff must set forth allegations demonstrating that he suffered from some condition requiring mental health treatment in the first place and describe each defendant's personal involvement in or responsibility for the denial of treatment. *West v. Atkins*, 487 U.S. 42 (1988); *McCree v. Sherrod*, 408 F. App'x 990 (7th Cir. 2011). In the Complaint, Plaintiff does not describe any mental health issue necessitating intervention, counseling, or treatment. He only states that the Jail offers no "mental health." This is not enough to articulate a claim for a constitutional deprivation under the Eighth or Fourteenth Amendment. Accordingly, Count 1 shall be dismissed for failure to state a claim.

The Complaint does not survive screening and shall be dismissed without prejudice. Plaintiff will have an opportunity to file a First Amended Complaint, if he wishes to pursue his claims in this case. The Court reminds Plaintiff that a successful complaint generally alleges "the who, what, when, where, and how. . . ." *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Thus, the First Amended Complaint should identify who violated Plaintiff's constitutional

rights by name, if known, and should include a description of how Plaintiff's rights were violated. If Plaintiff does not know the names of these individuals, he can refer to them by Doe designation (*e.g.*, John/Jane Doe). Additionally, Plaintiff must name each defendant in the case caption and reference him/her in the body of the First Amended Complaint.

## Disposition

**IT IS ORDERED** that Plaintiff's Complaint (Doc. 1), including **COUNT 1**, is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **December 21, 2022**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. He should also list this case number on the first page (*i.e.*, Case No. 22-cv-2722-JPG). The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of

whether Plaintiff elects to file a First Amended Complaint and whether he is granted leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form for use in preparing the First Amended Complaint, if his efforts to locate one are unsuccessful.

**IT IS SO ORDERED.**

**DATED: 11/28/2022**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
