IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY DALE EATON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-02722-JPG |
| | ) |
| MATT McCONKEY, | ) |
| DAVID RUSSELL, | ) |
| AMBER WEHRLE, | ) |
| FAYETTE COUNTY SHERIFF'S OFFICE, | ) |
| and FAYETTE COUNTY JAIL, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of the First Amended Complaint filed by Plaintiff Timothy Dale Eaton on December 19, 2022. (Doc. 9). Plaintiff is a detainee at Fayette County Jail ("Jail"), and he brings this action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that resulted from the denial of treatment for his schizophrenia at the Jail. (*Id*. at 7). He seeks monetary relief.[1] (*Id*.).

The First Amended Complaint is before the Court for review 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the First Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune

---

[1] If Plaintiff seeks more immediate relief, he may file a Motion for Temporary Restraining Order and/or Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65 at any time. He should state exactly what relief he needs and describe the facts that support his request for interim relief.

defendant must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture, the factual allegations are liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## First Amended Complaint

The following allegations are set forth in the First Amended Complaint (Doc. 9, p. 7): While he was in the custody of the Illinois Department of Corrections, Plaintiff was diagnosed with schizophrenia, identified as seriously mentally ill, and placed on medication.  His symptoms must be managed with medication.  (*Id.*).

Plaintiff informed Fayette County Jail's staff about his diagnosis and medication three days after he was taken into custody on October 2, 2022.  He requested an appointment with a mental health professional for medication and treatment on October 5, 2022, but Jail officials told him that no mental health services are offered at the Jail.  Since then, Plaintiff has asked the Jail's nurse (Nurse Amber) and the Jail's correctional officers (Officers Brock Kenny, Matt Hiles, Kyle Aderman, Terry Helman, Kevin Helman, and Aaron Callahan) for treatment with a mental health professional.  They have denied his requests.  (*Id.*).

On December 1, 2022, Plaintiff requested medication and mental health treatment from Jail Administrator Matt McConkey, who informed him that the Jail is not required to offer mental health treatment but instructed him to request medication from the nurse.  To date, Plaintiff has not seen Nurse Amber to discuss treatment or medication for his schizophrenia.  Consequently, he has suffered from symptoms since early October 2022.  (*Id.*).

## Discussion

Based on the allegations summarized above, the Court designates a single count in the *pro se* First Amended Complaint:

**Count 1:**   Eighth or Fourteenth Amendment claim against Defendants for denying Plaintiff access to mental health treatment and medication for his schizophrenia at Fayette County Jail since October 2, 2022.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim for relief if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Count 1**

The allegations articulate an Eighth and/or Fourteenth Amendment claim against Jail Administrator McConkey and Nurse Amber for denying Plaintiff mental health treatment and medication for his schizophrenia. The applicable legal standard for this claim depends on Plaintiff's status as a pretrial detainee or convicted person when the claim arose. The Fourteenth Amendment's objective unreasonableness standard governs a pretrial detainee's claims of unconstitutional conditions of confinement and denial of medical care. *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018). The Eighth Amendment deliberate indifference standard applies to a convicted person's claims for inadequate treatment of a serious medical need. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97 (1976). To state a claim under both standards, Plaintiff must set forth allegations demonstrating that he suffered from an objectively serious condition requiring mental health treatment and that each defendant's response was objectively unreasonable (Fourteenth Amendment) or deliberately indifferent (Eighth Amendment). *West v. Atkins*, 487 U.S. 42 (1988); *McCree v. Sherrod*, 408 F. App'x 990 (7th Cir. 2011). The allegations support a claim at screening against Jail Administrator McConkey and

3

Nurse Amber under both standards, so Count 1 shall proceed against these defendants. The exact legal standard can be sorted out as the case proceeds.

Count 1 shall be dismissed against the correctional officers who are mentioned in the statement of claim but not named as defendants in the First Amended Complaint, *i.e.*, Officers Brock Kenny, Matt Hiles, Kyle Aderman, Terry Helman, Kevin Helman, and Aaron Callahan. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"); *Cash v. Marion County Jail*, 211 F. App'x 486, 488 (7th Cir. 2006) ("[E]ven a pro se prisoner's complaint must comply with Fed. R. Civ. P. 10(a) and include the names of all parties in the title of the action."). All claims against these nonparties are considered dismissed without prejudice.

Count 1 shall also be dismissed without prejudice against Sheriff David Russell. Plaintiff named the sheriff as a defendant but did not mention him in connection with Count 1. A person cannot be held liable under § 1983 simply because his subordinates violated the plaintiff's rights. "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). "To succeed on a claim for supervisory liability, a plaintiff must show that the supervisor was personally involved in the constitutional violation," meaning that the supervisor knew about the conduct, facilitated it, approved it, condoned it, or turned a blind eye to it. *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). Plaintiff's allegations omit all reference to the sheriff and consequently fall short

of demonstrating his involvement in any constitutional deprivation.

Finally, Count 1 does not survive screening against the Fayette County Sheriff's Office or the Jail because neither entity is a "person" subject to suit under § 1983. Plaintiff's designation of these defendants may represent his attempt to hold a municipality liable for his injuries. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690, 694 (1978). However, municipal liability under § 1983 arises from the execution of a government policy or custom that causes a constitutional injury. *Id*. Plaintiff identifies no government policy or custom that caused his injuries. Therefore, Fayette County Sheriff's Office and Jail shall be dismissed without prejudice.

## Disposition

**IT IS ORDERED** that the First Amended Complaint (Doc. 9) survives screening under 28 U.S.C. § 1915A. **COUNT 1** will proceed against **MATT McCONKEY** and **AMBER WEHRLE**. **COUNT 1** is **DISMISSED** without prejudice against all other defendants for failure to state a claim for relief.

The Clerk's Office is **DIRECTED** to **TERMINATE** Defendants **DAVID RUSSELL, FAYETTE COUNTY SHERIFF'S OFFICE,** and **FAYETTE COUNTY JAIL** in CM/ECF and **ENTER** the Court's standard HIPAA Qualified Protective Order.

With respect to **COUNT 1**, the Clerk is **DIRECTED** to prepare for Defendants **MATT McCONKEY** and **AMBER WEHRLE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk should mail these forms and a copy of the First Amended Complaint (Doc. 9) and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that

Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **<u>Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.</u>**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted.  See 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  **<u>Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.</u>**  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

DATED: 1/25/2023

s/ J. Phil Gilbert  
**J. PHIL GILBERT**  
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your First Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive Answers, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**