IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY DALE EATON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-02722-JPG |
| | ) |
| MATT McCONKEY | ) |
| and AMBER WEHRLE, | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is now before the Court for case management. Plaintiff Timothy Dale Eaton filed this civil rights action pursuant to 42 U.S.C. § 1983 for the denial of mental health treatment at Fayette County Jail. He filed suit in the United States District Court for the Central District of Illinois, and the case was transferred to this district on November 21, 2022. (Doc. 3). Following screening of the First Amended Complaint (Doc. 9) pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed with a claim under the Eighth or Fourteenth Amendment against Jail Administrator Matt McConkey and Nurse Amber Wehrle for denying him treatment and medication for schizophrenia at the Jail starting October 2, 2022. (Doc. 12).

At the time of case opening, the Court entered an Order advising Plaintiff of his ongoing obligation to notify the Court and parties of any address change within seven (7) days. (Doc. 4). He was explicitly warned that the case would be dismissed for failure to timely notify the Court of any changes in his address. (*Id.*) (citing FED. R. CIV. P. 41(b)). Plaintiff was also reminded of his ongoing obligation to timely notify the Court of address changes in Court Orders entered

1

November 28, 2022 (Doc. 7) and January 25, 2023 (Doc. 12). He was again warned that failure to update his address could result in dismissal of this action. *Id*.

Mail addressed to Plaintiff at Fayette County Jail has been returned to the Court undelivered. (*See* Docs. 12, 14, 15, and 16). Therefore, the Court entered a show cause order on February 13, 2023, as follows:

> ORDER TO SHOW CAUSE: Plaintiff was advised of his continuing obligation to keep the Clerk of Court informed of any change in his address and that failure to timely update his address could result in dismissal of this action for want of prosecution. (See Docs. 4, 7, and 12). One or more documents mailed to Plaintiff by the Court has been returned undelivered. (See Docs. 12 and 14-16). Plaintiff is hereby ORDERED to SHOW CAUSE on or before FEBRUARY 27, 2023, why this action should not be dismissed based on his failure to comply with the Court's Orders at Docs. 4, 7, and 12 to update his address and for failure to prosecute his claims. FED. R. CIV. P. 41(b). Plaintiff is WARNED that failure to respond to this Order will result in dismissal of the action without prejudice. The Clerk is DIRECTED to transmit a copy of this Order to Show Cause to Plaintiff at the address he most recently provided to the Court.

(Doc. 17). Plaintiff was warned that his case would be dismissed if he failed to respond. (*Id*.).

To date, the Court has received no response to the show cause order and no updated address from Plaintiff. He has not offered any explanation for the returned mail or requested an extension of time to do so. Accordingly, this action shall be dismissed without prejudice for failure to comply with the Court's Orders at Docs. 4, 7, and 12 by updating his address and for failure to respond to the Show Cause Order at Doc. 17.

## Disposition

**IT IS ORDERED** that this action is **DISMISSED** without prejudice because Plaintiff has not complied with the Court's Orders to update his address (Docs. 4, 7, and 12), has not responded to the Order to Show Cause (Doc. 17), and has not prosecuted his claim(s) herein. *See* FED. R. CIV. P. 41(b); *Lucien v. Brewer*, 9 F.3d 26, 28 (7th Cir. 1993). The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 3/6/2023**               <u>s/J. Phil Gilbert</u>
                                  **J. PHIL GILBERT**
                                  **United States District Judge**